PEOPLE, PLAINTIFF AND APPELLEE, v. COMPAÑÍA MERCANTIL ARROYANA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Violation of the Weights and Measures Act.

No. 1692.—Decided June 13, 1921.

WEIGHTS AND MEASURES — BREAD — PLEADING. — A complaint which charges the defendant with violating sections 2 and 3 of Act No. 13 of 1917 regulating the weight of loaves of bread sold or offered for sale in Porto Rico, consisting in having offered for sale and sold small loaves of bread weighing 63 grams each, which in groups of six formed a loaf of 380 grams, without being labeled, and also in selling them at two cents each, thus obtain-

ing a return in excess of 14 cents on each pound of 453 grams when the price should not exceed 12 cents, charges only, though under different counts, the offense defined and penalized in section 3 of the said act.

ID.—ID.—EVIDENCE.—It appearing from the evidence that the defendant company offered for sale loaves of bread labeled as weighing 380 grams, each consisting of six small loaves which it sold at two cents, thus obtaining for each loaf a price in excess of 12 cents per pound, the lawful price per pound of 453 grams being 12 cents, it is necessary to conclude that the judgment of conviction is supported by the evidence.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

*Messrs. José E. Figueras, Fiscal,* and *C. Llauger* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The following complaint was filed on July 12, 1920, in the Municipal Court of Guayama against the Compañía Mercantil Arroyana, Inc., of Arroyo, P. R., charging a violation of sections 2 and 3 of Act No. 13 of April 12, 1917, to regulate the weight of loaves of bread sold or offered for sale in Porto Rico, and for other purposes:

"That on or about the 16th of March, 1920, on Morse Street, Arroyo, of the Municipal Judicial District of Guayama * * * the said corporation * . * * unlawfully, wilfully and without any lawful excuse offered for sale and sold, through its employee, Juan Cora, loaves of bread weighing 63 grams, or less than one pound avoirdupois, the said loaves being in groups of six loaves forming a large loaf weighing 380 grams. Each of the said small loaves of 63 grams was not labeled in accordance with the said act and they were sold at two cents each, the price per pound being therefore over fourteen cents when it should have been only twelve cents."

There was a trial *de novo* in the District Court of Guayama and judgment was entered on October 19, 1920, as follows:

"The defendant is charged with a violation of sections 2 and 3 of Act No. 13 of April 12, 1917, to regulate the weight of loaves of bread sold or offered for sale. The offense charged consists in that

the said defendant made loaves of bread weighing 380 grams divided into six sections and sold each section at two cents, the result being that the whole loaf was sold for a greater sum than that authorized by the Act, according to the weight of the loaf and the price of a pound of bread. From the evidence examined it is found that the defendant sold the said loaves of bread at retail and charged for them a larger sum than the weight marked on each loaf justified. For all of which the court finds the defendant guilty of violating Act No. 13 of April 12, 1917, to regulate the weight of loaves of bread sold or offered for sale and sentences it to pay a fine of $5 and the costs.''

The defendant appealed from the judgment and alleges in support of the appeal that the court erred in not sustaining the demurrer interposed to the complaint and in weighing the evidence, because it does not support the charge.

The grounds of the demurrer were that the complaint showed clearly that the defendant was charged with different offenses and that the acts charged did not constitute a public offense, supposing that only one act was charged.

The wording of the complaint shows that the defendant corporation was charged with offering for sale and selling at two cents each unlabeled loaves of bread weighing 63 grams, which in groups of six formed a loaf of 380 grams, thus obtaining more than fourteen cents for each pound, or 453 grams, of bread when it should be sold for twelve cents.

We understand that the complaint refers to only one offense under different charges, its purpose not being to prosecute the defendant for more than one offense; therefore it comes within the authority of section 77 of the Code of Criminal Procedure which provides that ''the information must charge but one offense, but the same offense may be set forth in different forms under different counts.''

The complaint charges the defendant with only one offense under different counts and does not contain the defect of charging more than one offense, which would render it de-

murrable under subdivision 2 of section 153 of the Code. That the acts charged in the complaint constitute a violation of section 3 of Act No. 13 of April 12, 1917, under which the appellant was convicted, appears clearly from the acts charged in relation to the said section, which reads as follows:

"Section 3.—That whenever a loaf of bread is sold or offered for sale, weighing more or weighing less than one pound or 453 grams, the net-weight label of said loaf shall also indicate the price of the standard loaf followed by the words 'per pound,' and the price of said loaf shall be the same proportional part of the price of the standard loaf as the weight of the loaf in question is of the weight of the standard loaf marked on the label; *Provided,* That the price per loaf shall not include any fractional part of one cent."

The complaint shows clearly that the loaves of bread referred to were sold at a higher price than the corresponding proportion, considering that the price of a pound of bread was twelve cents.

The evidence introduced at the trial by both parties clearly supports the judgment. It appears therefrom that the defendant offered for sale loaves of bread labeled as weighing 380 grams, the price per pound of 453 grams being twelve cents, and that the defendant sold each of the six small loaves which made up the large loaf at two cents, thus receiving for each loaf more than the price allowed by law.

There is some conflict between the evidence for the prosecution and that for the defense, but the court adjusted that conflict adversely to the defendant and we do not see that it acted with passion, prejudice or partiality, or committed manifest error.

The judgment appealed from is

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.